IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Walker D. Miller

Civil Action No. 07-cv-00318-WDM-BNB

OLOYEA D. WALLIN,

    Plaintiff(s),

v.

F. DYCUS, *et al.*,

    Defendant(s).
_____

**ORDER ON VARIOUS MOTIONS**
_____

This matter comes before me on Plaintiff's *pro se* Motion to Vacate Dismissal of Action (ECF No. 47); Plaintiff's Motion for Extension of Time to File Notice of Appeal (ECF Nos. 41 and 42)[1], the Tenth Circuit's Order abating Plaintiff's appeal (ECF No. 50), and Plaintiff's Motion for Leave to Proceed on Appeal under 28 U.S.C. § 1915 and Fed. R. App. P. 24 (ECF No. 51). For the reasons set forth below, I shall grant the motions in part and deny in part.

BACKGROUND

An exhaustive recitation of the factual and procedural history of this case is set forth in my March 10, 2010 Order, dismissing the case with prejudice. *See* Order, ECF No. 36. I limit my recitation here to the facts and procedural history relevant to the instant motions.

In 2002, Plaintiff was an inmate at the Kit Carson Correctional Center. Am.

---

[1] ECF Nos. 41 and 42 are identical motions. I refer to ECF No. 41 in the body of this order.

Comp. ¶ 1, 07-cv-318, ECF No. 3. Plaintiff claims that he was injured when Defendants Gilbert and Dycus put restraints on his wrists that were too tight. *Id.* at ¶¶ 15–28. He also claims that he requested medical attention for the injuries but Officers Gilbert and Dycus refused or delayed. *See id.* at ¶¶ 35, 37, 38-51. Plaintiff also states that he requested his regular medication from the officers but was refused. *Id.* at ¶¶ 54-55, 57. He received medical attention from Defendant Traub when she made her regular rounds. *Id.* at ¶ 58. She inspected and documented the injuries and gave Plaintiff medication to relieve pain. *Id.* at ¶ 62. Plaintiff claims that he requested that Traub keep the medical information confidential. *Id.* at ¶¶ 63-64.

Although she agreed to do so, she shared the information with Defendant Dycus. *Id.* at ¶¶ 65-66.

Plaintiff originally brought suit alleging these injuries on January 29, 2003, filing a complaint in Case No. 03-WM-0174 (MJW). Pl.'s Compl., 03-cv-174, ECF No. 3. The Defendants in that case filed a Motion to Dismiss on June 10, 2003 (03-cv-174, ECF No. 32). Magistrate Judge Michael J. Watanabe recommended that Defendants' Motion to Dismiss be granted (03-cv-174, ECF No. 58) and Plaintiff objected (03-cv-174, ECF No. 68). On February 3, 2004, I issued an order (03-cv-174, ECF No. 90) accepting in part Magistrate Judge Watanabe's recommendation and dismissing with prejudice several of Plaintiff's claims. I also ordered Plaintiff to file an amended complaint addressing only the remaining claims. Plaintiff did not file his amended complaint by the required date after several opportunities, and accordingly, I dismissed the case without prejudice on December 28, 2004 (03-cv-174, ECF No. 258). On September 11, 2006, the Tenth Circuit Court of Appeals affirmed the order granting

2

Defendants' Motion to Dismiss (03-cv-174, ECF No. 269).

On February 14, 2007, Plaintiff initiated the present action, Case No. 07-cv-00318, by filing a complaint against Defendants Gilbert, Dycus, Domenico, and Traub (07-cv-318, ECF No. 3). However, on February 15, 2007, in Case No. 03-cv-174, the Tenth Circuit Court of Appeals *sua sponte* entered an order granting rehearing and vacating its September 11, 2006 opinion (03-cv-174, ECF No. 271) due to a change in the law regarding the Prison Litigation Reform Act's ("PLRA") exhaustion of administrative remedies requirement, a ground on which I had relied in my initial order. On March 5, 2007, *nunc pro tunc* February 23, 2007, the Tenth Circuit Court of Appeals filed a revised opinion vacating the portion of my opinion dismissing Plaintiff's claims based on failure to plead exhaustion of remedies under the PLRA and remanding the case (03-cv-174, ECF No. 272). In light of the Tenth Circuit Court of Appeals' decision, as well as the claims I did not dismiss in my Order on Defendants' Motion to Dismiss, all of Plaintiff's original claims were again pending.

As a result, Plaintiff then had two cases arising out of the same July 3, 2002 incident pending in this court—03-cv-00174 and 07-cv-00318. Upon remand in Case No. 03-cv-00174, I ordered Plaintiff to file an amended complaint by July 14, 2008, addressing the claims that were then pending, and instructed him that failure to do so would result in the remaining claims being dismissed (03-cv-174 ECF No. 278). One week after the deadline, on July 21, 2008, Plaintiff filed his amended complaint (03-cv-174 ECF No. 279), which alleged only the following claims: (1) Eighth Amendment claim against Defendants Dycus, Gilbert, and Domenico for failure to provide Plaintiff treatment for his wrist injuries; (2) Eighth Amendment claim against Defendant Gilbert

for failure to intervene in Defendant Dycus' use of excessive force; (3) Eighth Amendment claim against Defendants Dycus, Gilbert, and Domenico for failure to provide Plaintiff his prescription medication; and (4) Eighth Amendment claim against Defendant Traub for disclosure of Plaintiff's confidential medical information. (Pl.'s Am. Compl., 03-cv-174, ECF No. 279.)  Although Plaintiff failed to meet the court-ordered deadline, I accepted his amended complaint for filing.

On June 5, 2008, in Case No. 07-cv-318, I issued an order requiring Plaintiff to show cause why that case should not be dismissed pursuant to Rule 11 of the Federal Rules of Civil Procedure for misrepresentations in the complaint regarding whether Plaintiff had previously filed any lawsuits while incarcerated (07-cv-318, ECF No. 22). Plaintiff responded to my order to show cause on June 24, 2008 (07-cv-318, ECF No. 24), asserting that the case should not be dismissed because "failure to list the previously filed lawsuits on the complaint was an oversight but one which does not prejudice the parties to this action or cause delay or obstruction to the civil action at hand" and requesting an extension of time to file an amended complaint to cure the oversight. (Pl.'s Resp. to Order to Show Cause 1, 07-cv-318, ECF No. 24.)  Plaintiff further asserted in his response, "[I]t seems that the extension in this action is warranted as the underlying action to this case (03-CV-0174) has been remanded back to this district court and, therefore, this action may not have to exist at all." (*Id.*)

On August 12, 2008, Defendants filed a Motion to Dismiss or Alternatively for Summary Judgment in Case No. 03-cv-174 (ECF No. 287).  Upon reassignment of the case to her (ECF No. 313),  Judge Christine Arguello affirmed and adopted the Magistrate Judge's recommendation to grant Defendants' motion for summary judgment

4

on the merits and deny Plaintiff's Motion for Summary Judgment (ECF No. 315). *See* Order Adopting and Affirming Feb. 25, 2009 Recommendation of United States Mag. J., ECF No. 372.

Although I had not ruled on Plaintiff's Response to my Order to Show Cause in Case No. 07-cv-318, Plaintiff filed an amended complaint on August 22, 2008 alleging claims, including those contained in his complaint in Case No. 03-cv-174.

On March 10, 2010, I entered an order dismissing Plaintiff's complaint in this case with prejudice on the basis of claim preclusion because he raised the same claims as he had in 03-cv-174, on which Judge Arguello had entered summary judgment (03-cv-174, ECF No. 372). *See also*, Case No. 03-cv-174, ECF No. 1; Case No., 07-cv-318; ECF No. 36. On April 7, 2010, Plaintiff filed a Motion for Copy of Order Entered on March 10, 2010 and NOTICE of Change of Address. ECF No. 38. On May 3, 2010, Plaintiff filed a Motion for Extension of Time to File Motion for Reconsideration pursuant to Fed. R. Civ. P. 59 and 60 (ECF No. 40) and a Motion for Extension of Time to File Notice of Appeal (ECF No. 41). On May 14, 2010, Plaintiff filed a second Motion for Extension of Time to file a Notice of Appeal (ECF No. 42). Plaintiff filed a Notice of Appeal on June 3, 2010. ECF No. 43. I ordered Plaintiff to cure the deficiency in his appeal by paying a filing fee or a proper § 1915 motion in this court. ECF No. 46. The Tenth Circuit entered an order to abate the appeal pending a decision on the motion for extension of time to file notice of appeal. ECF No. 50. On July 6, 2010, Plaintiff filed a Motion for Leave to Proceed on Appeal under 28 U.S.C. § 1915. ECF No. 51.

Standard of Review

Fed. R. App. P. 4(a)(1) prescribes that the time to file a notice of appeal in a civil

case is thirty days after the judgment or order appealed from is entered. *Id.* The rule provides a number of exceptions to the thirty-day deadline, however.

Fed. R. App. P. 4(a)(5)(A)(I) permits the district court to extend the time to file a notice of appeal if: "a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires." In addition, the district court may extend the time to file a notice of appeal if, "regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause." *See* Fed. R. App. P. 4(a)(5) (A)(ii). No extension may "exceed 30 days past [the time prescribed by Rule 4(a)(1)] or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C).

"Rule 4(a)(5) permits the district court's approval of a timely motion to extend to validate a prior notice of appeal." *Hinton v. City of Elwood Kan.*, 997 F.2d 774, 778 (10th Cir.1993) (stating that "a premature notice of appeal retains its validity only when the order appealed from is likely to remain unchanged in both its form and its content.").

## DISCUSSION

A. <u>Fed. R. Civ. P. 59 and Fed. R. Civ. P. 60 Motion</u>

As an initial matter, I address Plaintiff's Motion to Vacate Dismissal of Action. Generally, the filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal. *See Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58–59 (1982). However, "District Courts possess limited authority to deny Rule 60(b) motions while an appeal is still pending, allowing the court of appeals to make its resolution a final one, knowing that a district court has no desire to amend its rulings." *Ameritech Corp. v. Int'l*

6

*Bhd. of Elec. Workers*, 543 F.3d 414, 418-19 (7th Cir. 2008).

A motion to alter or amend a judgment must be filed within twenty-eight days of entry of the judgment. Fed. R. Civ. P. 59(e). Generally, timely filing of a Fed. R. Civ. P. 60 motion for Relief from a Judgment or Order is "within a reasonable time." Fed. R. Civ. P. 60(c)(1). However, where a party is seeking an extension of time to file a notice of appeal, he must file the Rule 60 motion no later than twenty-eight days after the judgment is entered. Fed. R. App. P. 4(a)(4)(A)(vi).

Here, the order dismissing the Complaint (ECF No. 36) was entered on March 10, 2010. Twenty-eight days from that date was April 7, 2010. Plaintiff did not receive the Order until April 15, 2010, however, due to his having been moved from one facility to another. Based on this date of notice, Plaintiff's deadline to file his Fed. R. Civ. P. Rules 59 and 60 motion was May 13, 2010.

Plaintiff filed a Motion for Extension of Time to File Motion for Reconsideration pursuant to Fed. R. Civ. P. Rule 59 and 60 (ECF No. 40) on May 3, 2010. In the motion, he requested an additional thirty days in which to file his motion. *See id.* A thirty-day extension would have given Plaintiff until June 2, 2010 to file his motion. He filed the Motion to Vacate Dismissal of Action (ECF No. 47) on June 9, 2010. Accordingly, even if I had ruled and granted the motion for extension of time, Plaintiff's Rule 59 and 60 motion would have been untimely. In addition, had I considered the motion, I would have denied it because Plaintiff did not meet the grounds warranting reconsideration pursuant to Rules 59 and 60.

"Grounds warranting a motion to reconsider [under Rule 59(e)] include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and

7

(3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Res. Corp.*, 57 F.3d 941, 948 (10th Cir.1995)). "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991)).

In his Fed. R. Civ. P. 59(e) motion, Plaintiff does not argue that there has been a change in controlling law since I entered my order, present new evidence that was previously unavailable, or show that there is a need to correct clear error or manifest injustice. Instead, he revisits issues that were already addressed in previous motions and orders in this case. He cannot use a Rule 59 motion to "take a second bite at the apple." Accordingly, Plaintiff's Rule 59 motion would have been denied on this basis.

Fed. R. Civ. P. 60(b) provides grounds for relief from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

*Id.*

Plaintiff's motion does not present any of the grounds for relief listed above. Again, he uses the motion to reargue issues that have already been briefed and ruled upon. Accordingly, were I to have considered the Rule 60(b) motion, I would have

8

denied it.

B.      Extension of Time pursuant to Fed. R. App. P. 4(a)(5)(A)(I)

On May 3, 2010, Plaintiff filed his motion for a thirty-day extension to file a notice of appeal. *See* Motion for Extension of Time to File Notice of Appeal ECF Nos. 41 and 42. I did not rule on the motion. Plaintiff filed a Notice of Appeal on June 3, 2010. *See* ECF No. 43. He filed an Amended Notice of Appeal on June 18, 2010. *See* ECF No. 48.[2]

On July 6, 2010, the Tenth Circuit ordered the appeal abated pending a decision by this court on Plaintiff's motion for extension of time (ECF No. 41). *See* Order, ECF No. 50. In its order, the Tenth Circuit stated that the deadline in this case for filing a timely motion under Fed. R. App. P. 4(a)(5)(A)(I) for extension of time expired on May 12, 2010. Upon this determination, Plaintiff's May 3, 2010 Motion for Extension of Time to File Notice of Appeal (ECF No. 41) was timely. Consequently, the Notice of Appeal (ECF No. 43) was filed in a timely manner. *See Hinton*, 997 F.2d at 778. Accordingly, I shall grant the motion and consider Plaintiff's Notice of Appeal to be effective as of the date of its filing on June 3, 2010.

C.      Proceeding *In Forma Pauperis*

Plaintiff moves to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915. He has filed a proper affidavit stating the nature of the appeal and his belief that he is entitled to redress. ECF No. 51, *see* 28 U.S.C. § 1915(a)(1). He has also submitted a certified copy of the trust fund account for the prisoner for the six-month period

---

[2] Except for their titles, ECF Nos. 43 and 48 are identical Notices of Appeal.

immediately preceding the filing of the notice of appeal. ECF No. 51, *see* 28 U.S.C. § 1915(a)(2). However, in its June 3, 2010 Order and Judgment in Case No. 03-cv-174, ECF No. 386, the Tenth Circuit concluded that Plaintiff now has three strikes under the Prison Litigation Reform Act and is subject to 28 U.S.C. § 1915(g) filing bar. Accordingly, Plaintiff may not proceed with his appeal *in forma pauperis*.

Accordingly, I order that:

1. Plaintiff's Motion for Extension of Time to Plaintiff's Motion to Vacate Dismissal of Action (ECF No. 47) is DENIED.

2. Motion for Extension of Time to File Motion for Reconsideration pursuant to Fed. R. Civ. P. Rule 59 and 60 (ECF No. 40) is DENIED.

3. Plaintiff's Motion for Extension of Time to File Notice of Appeal (ECF No. 41) is GRANTED, *nunc pro tunc* May 21, 2010.

4. Plaintiff's Motion for Extension of Time to File Notice of Appeal (ECF No. 42) is DENIED as moot.

5. Plaintiff's Notice of Appeal (ECF No. 43) was timely filed on June 3, 2010.

6. Plaintiff's Amended Notice of Appeal (ECF No. 48) is stricken as moot.

7. Plaintiff's Motion for Leave to Proceed on Appeal pursuant to 28 § 1915 and Fed. R. App. P. 24 (ECF No. 51) is DENIED.

DATED at Denver, Colorado, on August 4, 2010

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge